Robertson, Appellant, *v.* United Mine Workers of America Welfare and Retirement Fund.

Argued March 18, 1966. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Louis Vaira,* for appellant.

*Charles L. Widman,* of the Washington, D. C., Bar, and *Michael J. Boyle,* with them *Alexander Unkovic,* and *Meyer, Unkovic & Scott,* and *Val J. Mitch,* and *Harold H. Bacon,* of the Washington, D. C., Bar, for appellees.

OPINION PER CURIAM, May 24, 1966:

In this action in equity, the plaintiff, a retired coal miner, seeks to compel the defendants, the Trustees of the United Mine Workers of America Welfare and Retirement Fund, to pay him pension benefits. From a final decree in the court below dismissing the complaint, this appeal was filed.

Under the trust agreement, the Trustees are given full and complete authority with respect to questions of coverage and eligibility, subject to the stated purposes of the fund and the terms of the Labor-Management Relations Act of 1947 (29 U.S.C. §186). Acting in accordance with this authority, they formulated four requirements that one must meet in order to qualify for a pension. One stipulated that to be eligible, the applicant must have completed twenty years of classified service in the anthracite industry during the thirty-year period immediately preceding the filing of the application. The defendants-trustee denied plaintiff's application for the reason that he did not meet this requirement.

After hearing, the chancellor below concluded that the denial of plaintiff's application for pension on the ground stated was supported by substantial evidence, and the trustees' decision was not arbitrary or capricious. The court en banc affirmed these conclusions.

We affirm. The record facts amply sustain the conclusions of the court below.

Decree affirmed. Each party to pay own costs.